**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

**STEVEN LESLIE PEPPER,**
**No. 23050-045**

         **Petitioner,**

    **vs.**                           **Case No. 14-cv-00684-DRH**

**UNITED STATES OF AMERICA, and**
**WARDEN WALTON,**

         **Respondents.**


**MEMORANDUM AND ORDER**

**HERNDON, Chief Judge:**

Petitioner Steven Leslie Pepper is currently incarcerated in the Federal Correctional Institution at Marion, Illinois.  Pepper is before the Court pursuant to 28 U.S.C. § 2241, challenging his criminal conviction and sentence (*United States v. Pepper*, 11-cr-3031-RED (W.D. Mo. 2006)).  Pepper's petition for writ of habeas corpus is now before the Court for review under Rules 1(b) and 4 of the Rules Governing Section 2254 Cases in United States District Courts.[1]

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

---

[1] Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

**Background**

In 2011, petitioner Steven Leslie Pepper pleaded guilty to (Count 1) enticement of a minor, in violation of 18 U.S.C. §§ 2251(a), (e)), and (Count 2) possession of child pornography, in violation of 18 U.S.C. §§ 2252(a)(4)(B), (b)(2). *United States v. Pepper*, 11-cr-3031-RED (W.D. Mo. 2006). He was sentenced to consecutive terms of imprisonment: 360 months on Count 1 and 60 months on Count 2, totaling 420 months of imprisonment, to be followed by supervision for life. Pepper did not file a direct appeal.

In October 2012, Pepper moved to vacate, set aside or correct his sentence under 28 U.S.C. § 2255. *Pepper v. United States*, Case No. 012-cv-3485-FJG (W.D. Mo. 2012). Four claims of ineffective assistance of counsel were raised: (1) insufficient pretrial investigation; (2) insufficient advice regarding pleading guilty; (3) failure to argue against sentencing enhancements; and (4) failure to appeal the sentence. In May 2013, Pepper's Section 2255 motion was denied because it was untimely. No appeal was taken.

**The Petition**

Now, petitioner Pepper is before the Court pursuant to 28 U.S.C. § 2241, generally reasserting the arguments that counsel was ineffective that were presented in the Section 2255 motion. More specifically, petitioner perceives error in (1) counsel's overall performance, in violation of *Strickland v. Washington*, 466 U.S. 668 (1984); (2) counsel's failure to negotiate a reasonable plea agreement for consideration, and unreasonable sentencing expectations, in

contravention of *Missouri v. Frye*, __ U.S.__, 132 S.Ct. 1399 (2012), and *Lafler v. Cooper*, __U.S.__, 132 S.Ct. 1376 (2012); (3) counsel's failure to ensure the Sentencing Guideline range reflected offense along with the evidence without attributing unfounded weight to relevant conduct, as required under *Alleyne v. United States*, __U.S.__, 133 S.Ct. 2151 (2013), and *Descamps v. United States*, __U.S.__, 133 S.Ct. 2276 (2013); and (4) counsel failed to challenge the government's evidence, in violation of *Bullcoming v. New Mexico*, __U.S.__, 131 S.Ct. 2705 (2011). (*See* Doc. 1-1, pp. 7-22).

Petitioner Pepper invokes the "savings clause" in Section 2255(e) which permits Section 2241 to be used where Section 2255 is "inadequate or ineffective" to test the legality of the petitioner's detention. He specifically asserts that he is "actually innocent" under the "new" Supreme Court precedents cited above.

## Discussion

As a preliminary matter, it is observed that the proper respondent in a Section 2241 petition is the petitioner's jailer, not the United States. *Rumsfeld v. Padilla*, 542 U.S. 426, 442, 447 (2004); *Kholyavskiy v. Achim*, 443 F.3d 946, 948–49 (7th Cir. 2006). Therefore, the United States must be dismissed as a respondent. The petition may proceed, however, because Warden Walton is also named as a respondent.

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas [Section] 2241

applies to challenges to the fact or duration of confinement.  *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).  Petitioner challenges his conviction and sentence, making Section 2255, not Section 2241, the appropriate avenue for relief.

Federal prisoners may utilize Section 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of Section 2255(e), where a remedy under Section 2255 is inadequate or ineffective to test the legality of detention.  28 U.S.C. § 2255(e); *see* also *United States v. Prevatte,* 300 F.3d 792, 798–99 (7th Cir. 2002).  "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under [Section] 2255 establishes the petitioner's actual innocence.'" *Hill v. Werlinger,* 695 F.3d 644, 648 (7th Cir. 2012) (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998)).[2]

With respect to the applicability of the savings clause, the Court of Appeals for the Seventh Circuit has held that Section 2255 is only inadequate or ineffective when three requirements are satisfied: (1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; (2) the case was decided after his first Section 2255 motion but is retroactive; and (3) the alleged

---

[2] It is important to keep in mind that Section 2255(f) provides for a one-year limitations period for filing a Section 2255 motion—explaining why Pepper's Section 2255 motion was deemed untimely. However, the one-year limitation period runs from the later of, among other things, "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  28 U.S.C. § 2255(f)(3).  Before filing a second or successive Section 2255 petition, permission must be obtained from the appropriate appellate court, pursuant to 28 U.C.C. § 2255(h)(2).

error results in a miscarriage of justice. *See In re Davenport*, 147 F.3d at 610-12. *See also Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). Accordingly, the precedents relied upon by Pepper must be reviewed.

Of course, *Strickland v. Washington*, 466 U.S. 668 (1984), was decided well before petitioner was even convicted and cannot be used to trigger the savings clause. Also, *Strickland* is a constitutional case, not a statutory interpretation case. With that said, *Strickland* does still provide the essential criteria for assessing the effectiveness of counsel.

*Missouri v. Frye*, __ U.S.__, 132 S.Ct. 1399 (2012), regarding counsel's failure to inform a defendant of the potential plea deal vis-à-vis trial, and failure to thoroughly explain options—resulting in an unanticipated sentence—is a constitutional, not statutory interpretation case. Moreover, it did not announce a new rule of law. *See Hare v. United States*, 688 F.3d 878, 879 (7th Cir. 2012). The same has been said of *Frye*'s companion case, *Lafler v. Cooper*, __U.S.__, 132 S.Ct. 1376 (2012). *Id.*; *see also Estremera v. United States*, 724 F.3d 773 (7th Cir. 2013). Therefore, those two cases cited by Pepper do not enable him to use the safety clause.

Although *Alleyne v. United States*, __U.S.__, 133 S.Ct. 2151 (2013), and *Descamps v. United States*, __U.S.__, 133 S.Ct. 2276 (2013), are statutory interpretation cases, neither case has been deemed retroactive by the Supreme Court. *See Simpson v. United States*, 721 F.3d 875, 876-77 (7th Cir. 2013) (in

re *Alleyne*); *Groves v. United States*, __F.3d__, 2014 WL 2766171 *4 (7th Cir. June 19, 2014) (in re *Descamps*). The other cases cited by Pepper are precedents published before he was sentenced and, therefore, are irrelevant to whether he can utilize the "safety valve."

*Bullcoming v. New Mexico*, __U.S.__, 131 S.Ct. 2705 (2011), pertains to the Confrontation Clause of the Sixth Amendment, and has not been declared retroactive.

Petitioner has failed to qualify to utilize the savings clause, and this district court does not read *Brown v. Caraway* as otherwise opening the window wide for the use of Section 2241rather than Section 2255. Pepper has not made any other argument that Section 2255 is unavailable. Furthermore, the fact that the one-year limitations period may preclude a petition does not render Section 2255 an inadequate or ineffective remedy. *See Morales v. Bezy*, 499 F.3d 668, 672 (7th Cir. 2007)(a petitioner cannot let the one-year deadline pass and then take advantage of the fact Section 2241 has no limitations period).

**IT IS HEREBY ORDERED** that, for the reasons stated, the Section 2241 petition is **DISMISSED** with prejudice. Judgment shall enter accordingly. The Court offers no opinion regarding the merits of a possible (successive) Section 2255 petition.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal in this district court within thirty days of the entry of judgment. FED.R.APP.P. 4(a)(4). Any motion for leave to appeal *in forma pauperis* should set forth the

issues petitioner plans to present on appeal.   *See* FED.R.APP.P. 24(a)(1)(C).   *If* petitioner does choose to appeal and *if* he is allowed to proceed as a pauper, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED.R.APP.P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008).

A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.   It is not necessary for petitioner to obtain a certificate of appealability.   *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**Signed this 14th day of July, 2014.**

Digitally signed
by David R.
Herndon
Date: 2014.07.14
12:48:54 -05'00'

**Chief Judge**
**United States District Court**